**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Eugene Blumkin, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Caine & Weiner Company, Inc.; and Equifax Information Services, LLC; | **COMPLAINT** |
| Defendants. | |

For this Complaint, the Plaintiff, Eugene Blumkin, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiff, Eugene Blumkin ("Plaintiff"), is an adult individual residing in North Andover, Massachusetts, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

4. Defendant Caine & Weiner Company, Inc. ("C&W"), is a California business entity with an address of 21210 Erwin Street, Woodland Hills, California 91367-3714, and is a debt collector who furnishes consumer information to the credit reporting agencies ("CRAs").

5. Defendant, Equifax Information Services, LLC ("Equifax" and together with

C&W collectively referred to as "Defendants"), is a Georgia business entity with an address of 1550 Peachtree Street NW, Atlanta, Georgia, operating as a consumer reporting agency as the term is defined by 15 U.S.C. § 1681(a)(f) of the FCRA. Equifax is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681(a)(d), to third parties.

## FACTUAL ALLEGATIONS

6. In December 2018, Plaintiff noticed that C&W was inaccurately reporting an account on his credit report.

7. Specifically, C&W was reporting a debt that Plaintiff previously paid.

8. Thereafter, in late December 2018, Plaintiff disputed the account with Equifax and C&W.

9. Nevertheless, Defendants continue to report the account on Plaintiff's credit report as due and owing.

10. Upon Plaintiff's notification that the account was disputed and request that it be removed, and in accordance with their standard procedures, Plaintiff believes and thereon alleges that Equifax did not evaluate or consider any of Plaintiff's information, claims or evidence, and did not make any attempt to substantially or reasonable verify C&W's representations regarding the account.

11. In the alternative, in the event that Equifax did forward notice of the dispute to C&W, C&W failed to conduct an adequate investigation into Plaintiff's dispute and failed to properly update Plaintiff's credit report.

## **COUNT I**

## **VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**

## **15 U.S.C. § 1681, *et seq*.**

12. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13. In the entire course of their actions, Defendants willfully and/or negligently violated multiple provisions of the FCRA in one or more of the following respects:

   a. Equifax violated 15 U.S.C. § 1681e(b) by failing to implement and/or follow "reasonable procedures to assure maximum possible accuracy" of the information they publish in consumer credit reports;

   b. Equifax violated 15 U.S.C. § 1681i by failing to delete or correct inaccurate information in Plaintiff's credit file after having received actual notice of such inaccuracies; by failing to conduct lawful reinvestigation; by failing to forward all relevant information to C&W by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable; and

   c. C&W violated 15 U.S.C. § 1681s-2(b) by willfully and/or negligently failing to conduct an investigation with respect to the disputed information; by failing to review all relevant information provided by the consumer reporting agencies pursuant to section 1681i; and by failing to modify, delete or permanently block the disputed information.

14. Defendants' conduct, action and inaction was willful, rendering them liable for

punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants' conduct was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

15. As a result of Defendants' conduct, action, and inaction, Plaintiff incurred actual damages in the form of loss of the ability to purchase and benefit from credit.

16. Plaintiff is entitled to recover costs and attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Statutory damages pursuant to 15 U.S.C. § 1681;

2. Attorney's fees and costs pursuant to 15 U.S.C. § 1681;

3. Actual damages pursuant to 15 U.S.C. § 1681;

4. Punitive damages pursuant to 15 U.S.C. § 1681; and

5. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: February 21, 2019

                                              Respectfully submitted,

                                              By : /s/ Sergei Lemberg

                                              Sergei Lemberg (BBO# 650671)
                                              LEMBERG LAW, L.L.C.
                                              43 Danbury Road, 3rd Floor
                                              Wilton, CT 06897
                                              Telephone: (203) 653-2250
                                              Facsimile: (203) 653-3424
                                              Attorneys for Plaintiff